FLORENCE GOUCHER v. THE CITY OF SIOUX CITY, Appellant.

Negligence: CITIES: *Jury question.* Where a city constructs a cross walk, and for a long time leaves an open ditch along one side of the walk without any barrier or other means of protection, and a person using such walk in the night. time falls into the ditch, the question of the city's negligence is for the jury.

Sufficiency of Petition: *Failure to object.* Where the petition is broad and general, and defendant goes to trial thereon without objection that it is not specific, he is not in position thereafter to complain.

*Appeal from Woodbury District Court.*—HON. F. R. GAYNOR, Judge.

SATURDAY, FEBRUARY 8, 1902.

A suit to recover for injuries received by falling from one of the defendant's walks. There was a trial to a jury, and a verdict and judgment for the plaintiff, from which the defendant appeals.—*Affirmed.*

*F. E. Gill, Swan, Lawrence & Swan,* and *Quick & Carter* for appellant.

*C. A. Irwin* for appellee.

SHERWIN, J.—The plaintiff, in the nighttime, fell from an angling cross walk into a ditch running along one side thereof. The defendant's claim that no negligence on its part is shown is not sustained by the record, for it conclusively appears that the conditions existing at the time of

the accident had been of long standing. It is perhaps true that the fact alone that a walk is not built along a geographical line would not be sufficient to entitle the plaintiff to recover, but it cannot be said as a matter of law that the city may build such a walk as the one in question, and permit a ditch or water gutter to remain close to one side thereof, without a railing or other means of protection to the public, and escape liability. The use of the walk in question and the conditions surrounding it at the time the plaintiff received her injury were properly before the jury, and the jury might well find therefrom that the city was negligent in permitting such condition. *Hall v. Incorporated Town of Manson;* 99 Iowa, 698.

The question of the plaintiff's negligence was also a controverted issue, which was properly left for the jury to determine. Instruction 8, which is complained of, followed very closely the claim made in the petition, and had evidence for its support. It does not, in terms, direct that a recovery may be had for a permanent injury. In fact, we are inclined to the opinion that it may fairly be said to exclude such thought; but, however this may be, it is not erroneous, for the petition itself is broad, and very general. If it is not as specific as it might have been, the defendant is in no position to now complain, for it went to trial on the pleading as it is without objection. It states a cause of action in a general way, and that is sufficient until something further is required.

Evidence as to the permanency of plaintiff's injury was competent under the issues, and we cannot say that the amount of the verdict indicates that it was the result of passion and prejudice.

We find no error, and the judgment is AFFIRMED.